Christina Sullivan
CA B# 328326
**Hacking Immigration Law, LLC**
10121 Manchester Road, Suite A
St. Louis, MO 63122
Telephone: (314) 961-8200
E-mail: csullivan@hackingimmigrationlaw.com

*Attorneys for Plaintiff Muhammad Usman Mustafa.*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

MUHAMMAD USMAN MUSTAFA,

  Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Serve: U.S. Citizenship and Immigration Services
      5900 Capital Gateway Dr
      Camp Springs, MD 20588,

UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services,

Serve: U.S. Citizenship and Immigration Services
      5900 Capital Gateway Dr
      Camp Springs, MD 20588,

and,

TRACY TARANGO, Director of the California Service Center of the United States Citizenship and Immigration Services,

Case No. 8:23-cv-2028

- 1 -
COMPLAINT

Serve: Tracy Tarango
California Service Center
24000 Avila Rd,
Laguna Niguel, CA, 92677

Defendants.

# COMPLAINT

Plaintiff Muhammad Usman Mustafa asserts his cause of action against Defendants United States Citizenship and Immigration Services, Ur Mendoza Jaddou, and Tracy Tarango. Plaintiff respectfully requests this Honorable Court to review the Defendants' wrongful denial of Plaintiff's I-129 petition for a nonimmigrant worker. In said denial, Defendants failed to follow their own regulations to issue a Notice of Intent to Deny ("NOID").

# PARTIES

1. Plaintiff Muhammad Usman Mustafa is a citizen of Pakistan and currently resides in Pakistan.

2. Plaintiff Muhammad Usman Mustafa is the beneficiary of a wrongfully denied I-129 petition for a nonimmigrant worker filed by his employer, Xumerz USA. Inc.

3. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for maintaining federal immigration records and processing I-129 petitions filed on behalf of alien workers.

4. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the Immigration and Nationality Act ("INA") and for ensuring compliance with all applicable federal laws, including the

Administrative Procedure Act ("APA"). Jaddou is sued in an official capacity as an agent of the government of the United States.

5. Defendant Tracy Tarango is the Director of the California Service Center of the USCIS and is sued only in an official capacity, as well as any successor and assigns. The California Service Center has jurisdiction over I-129 petitions filed on behalf of alien workers, such as the one filed by Plaintiff's employer on behalf of Plaintiff. Tarango is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Tracy Tarango is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

6. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, 28 U.S.C. §1651, and the Administrative Procedure Act, 5 U.S.C. § 500 et seq.

7. Venue is proper pursuant to 5 U.S.C. 703 as this suit challenges decisions by Defendant USCIS and its employees. The California Service Center of Defendant USCIS is within this judicial district.

8. Plaintiff and his employer will suffer irreparable injury if the erroneous visa petition denial is not reviewed and approved because Plaintiff's legal ability to live and work in the United States is entirely reliant on the success of this Petition.

9. The denial notice issued, if allowed to stand, will produce a manifest injustice as it is based entirely upon faulty application of the law to an erroneous misstatement of the facts.

10. Moreover, before issuing the denial, USCIS did not issue a Notice of Intent to Deny. This failure is in violation of the law and deprived Plaintiff of the opportunity to address the Defendants' failure to properly engage with the evidence submitted by Plaintiff.

11. Plaintiff has already provided evidence to USCIS that refutes the grounds of Denial. Plaintiff's application was denied due to USCIS error and miscalculation. This erroneous decision should not be allowed to stand.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has exhausted all of his administrative remedies. There are no further administrative remedies that Plaintiff can seek directly.

13. Plaintiff has no right to appeal this decision, and the option to file a Motion to Reopen or Reconsider is not an adequate form of administrative review. Further, such avenue of relief does not constitute a remedy available as of right within the meaning of 8 U.S.C. §1252(d)(1), therefore Plaintiff is not required to file a Motion to Reopen or Reconsider in order to exhaust administrative remedies.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff was hired by the employer, Xumerz USA Inc., in a special capacity as principal engineer and has been working for the petitioner since January 2018.

15. On or about October 1, 2021, Xumerz USA Inc., offered Plaintiff the position of Senior Software Developer, and the commencement date was set for October 1, 2021. Plaintiff accepted said offer.

16. On or about October 1, 2022, employer Xumerz USA Inc. offered Plaintiff the position of Principal Software Engineer, which requires a transfer to the United States to be able to perform his new duties at the offices of Xumerz USA Inc. located in Bellingham, WA 98226. Plaintiff accepted said offer.

17. On June 1, 2023, Plaintiff's employer, Xumerz USA Inc., filed Form I-129 with the USCIS, seeking to classify Plaintiff as a nonimmigrant intracompany transferee under the L-1B visa

program. Plaintiff was to be employed as a Principal Software Engineer from August 1, 2023, to August 1, 2026. The application was assigned Receipt Number WAC2321250115.

18. Plaintiff's employer paid, and Defendants accepted, all applicable filing and visa fees.

19. On June 8, 2023, Defendants issued a Request for Evidence to Xumerz USA Inc. The RFE sought additional documentation supporting that Plaintiff has "*specialized knowledge*" or "*advanced knowledge*" to carry his duties within the organization. Furthermore, the RFE sought additional documentation supporting Plaintiff's position in the organization and how Plaintiff's position in the organization's hierarchy demonstrates his "*specialized knowledge.*" Defendants instructed the petitioner that a response to the RFE should be submitted by September 5, 2023.

20. On September 1, 2023, Xumerz USA Inc. filed a timely and complete response to the RFE issued by the Defendants. The response contained clear and uncontroverted documentation regarding Plaintiff's "*specialized knowledge*" or "*advanced knowledge*" to carry his duties within the organization, as well as Plaintiff's position in the organization and how Plaintiff's position in the organization's hierarchy demonstrates Plaintiff's "*specialized knowledge.*"

21. On September 19, 2023, Defendants wrongfully and erroneously denied Xumerz USA Inc.'s I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf, despite the additional documentation supporting Plaintiff's petition provided in the response to the RFE.

22. Through their determination, Defendants failed to issue a Notice of Intent to Deny the I-129 petition for a nonimmigrant worker, despite federal regulations requiring them to do so.

23. As such, in denying the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer, Defendants have failed to follow and adhere to the federal laws regulating the matter and have failed to consider clear, overwhelming and undisputed evidence provided by

Plaintiff's petitioner that Plaintiff possesses the required "*specialized knowledge*" or "*advanced knowledge*" to carry his duties within the organization, as well as the undisputed evidence demonstrating Plaintiff's position in the organization and how Plaintiff's position in the organization's hierarchy demonstrates Plaintiff's "*specialized knowledge.*"

### COUNT I - ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 500 et seq.)

24. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 500 et seq.

26. The documents filed by Plaintiff established that Plaintiff is eligible for a nonimmigrant intracompany transferee L-1B visa, and the denial issued by USCIS was contrary to the law and to the evidence submitted.

27. Defendants denied the petition because they refused and/or failed to consider the evidence submitted by Plaintiff's employer.

28. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act by denying the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer and to properly consider the evidence submitted.

29. Plaintiff has exhausted all administrative remedies available to him as a matter of right.

30. Plaintiff has no other recourse to judicial review other than by this action.

31. Plaintiff has suffered and continues to suffer injury in the form of unreasonable denial of the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer and the loss of his opportunity to be employed as a nonimmigrant intracompany transferee.

### COUNT II - FIFTH AMENDMENT (PROCEDURAL DUE PROCESS)

32. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33. Plaintiff's compliance with the statutory and regulatory requirements of the Immigration and Nationality Act vests in him a constitutionally protected property and liberty interest.

34. This constitutionally protected property or liberty interest triggers procedural due process protection.

35. Defendants' failure to give Plaintiff a meaningful opportunity to challenge this denial violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

36. Plaintiff has suffered and continues to suffer injury in the form of unreasonable denial of the application due to USCIS error. This has resulted in him losing the ability to work in the United States and further progress in his career.

### COUNT III - DECLARATORY JUDGMENT
### VIOLATION OF INA 8 CFR 103.2(b)(16)(i)

37. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

38. 8 CFR 103.2(b)(16)(i) requires that "If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she ***shall be advised*** of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding." [emphasis added].

39. The grounds for denying the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer were the alleged failure to demonstrate that Plaintiff possesses the required *"specialized knowledge"* or *"advanced knowledge"* to carry his duties within the organization, as well as the undisputed evidence demonstrating Plaintiff's position in the organization and how Plaintiff's position in the organization hierarchy demonstrates Plaintiff's *"specialized knowledge."*

40. However, Defendants never issued a Notice of Intent to Deny related to the denial.

41. Defendants did not follow their own rules and did not give Plaintiff a fair chance at meaningful review of the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer.

42. Because of these violations, Plaintiff has suffered and continue to suffer injury in the form of unreasonable denial of the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer, and this has resulted in him losing the ability to work in the United States and further progress in his career. These serious and lasting consequences mean that Plaintiff does not seek a remedy for a past injury, but rather a remedy for an ongoing and continuing injury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Muhammad Usman Mustafa respectfully request that this Court grant the following relief:

1. Accept jurisdiction and review of the USCIS decision to deny the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer;

2. Declare that Defendants' decision violated the Administrative Procedure Act because they were arbitrary and capricious;

3. Declare that USCIS's decision to deny the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer was unlawful, a violation of the Immigration and Nationality Act and the relevant regulations, and a violation of the United States Constitution;

4. Order that USCIS shall be enjoined from denying the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer;

5. Order USCIS to approve the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer;

6. Order USCIS to continue processing of the I-129 petition for a nonimmigrant worker filed on Plaintiff's behalf by his employer;

6. Grant attorney's fees and costs pursuant to the Equal Access to Justice Act;

7. Grant such other relief as may be just and reasonable.

**RESPECTFULLY SUBMITTED**
**October 31, 2023.**

*/s/ Christina Sullivan*
Christina Sullivan – CA B# 328326
Hacking Immigration Law, LLC
10121 Manchester Rd., Suite A
St Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) csullivan@hackingimmigrationlaw.comcsullivan@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**MUHAMMAD USMAN MUSTAFA**